**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| JORDY ATAHUAMAN CARHUANCHO, ET AL | * * * | CIVIL ACTION NO.: 6:24-cv-01448-DCJ-DJA |
| VERSUS | * * | JUDGE DAVID C. JOSEPH |
| THE GEO GROUP, INC., ET AL | * | MAGISTRATE JUDGE DAVID J. AYO |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER TO PETITION

NOW INTO COURT, through undersigned counsel, comes The GEO Group, Inc. ("GEO" or "Defendant") sought to be named defendant in the above entitled and numbered cause, who, for answer to the Petition for Damages filed by Plaintiff, Jordy Atahuaman Carhuancho, individually and in his capacity as curator for his sister, Dulce Mercedes Atahuaman Carhuancho ("Carhuancho") avers:

### FIRST DEFENSE

Plaintiff fails to state a cause of action for which relief may be granted.

### SECOND DEFENSE

In answer to the allegations of the Petition, all allegations are denied, unless specifically admitted below.

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 are denied to the extent that they assert any liability or other fault on the part of GEO or anyone for whom it may be responsible. Defendant admits the

domiciliary allegations of Paragraph 2(i).  The remaining allegations of Paragraph 2 require no response on behalf of GEO, but, to the extent that some may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

It is admitted that Plaintiff arrived at SLIPC on or about August 20, 2023.  The remaining allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 do not meet the pleading requirements of Fed. R. Civ. P. 8, in that it does not contain a simple, concise and direct allegation.  Without waiving that objection, it is admitted that during the times during which Plaintiff was housed at SLIPC that GEO managed and operated that facility, that it housed only female detainees, and that it had an approximate average daily population of 765 detainees.  The allegations regarding other facilities managed by GEO are irrelevant to the claims at issue and denied as written.  The remaining allegations of Paragraph 5 are denied for lack of sufficient to justify a belief therein.

6.

The allegations of Paragraph 6 regarding GEO's company-wide revenues and alleged violations at other unspecified facilities at unspecified times in the past are inflammatory and have no relevance to the claims at issue.  Such allegations should be stricken from the Petition.  To the extent that same may be deemed necessary, the allegations are denied to the extent that they allege any negligence or other fault on the part of GEO or anyone for whom GEO may be responsible.

7.

The allegations of Paragraph 7 regarding a 2022 PREA audit are inflammatory and irrelevant to the claims at issue. Such allegations should be stricken from the Petition. The allegations of Paragraph 7 refer to a written report, which is the best evidence of its contents, and GEO places Plaintiff on her full burden to prove liability on the part of any party by virtue of such document. The allegations of Paragraph 7 are denied to the extent that they allege any negligence or other fault on the party of GEO or anyone for whom it may be responsible. To the extent that some may be deemed necessary, the remaining allegations of Paragraph 7 are denied as written.

8.

The allegations of Paragraph 8 regarding PREA, sexual abuse, and excessive force are inflammatory and irrelevant to the claims at issue. The allegations of Paragraph 8 refer to a written document which is the best evidence of its terms and conditions and Defendant places Plaintiff on her full burden of proving liability on the part of any party as a result of such document. The allegations of Paragraph 8 are denied to the extent that they allege any negligence or other fault on the part of GEO or anyone for whom they may be responsible. Any remaining allegations are denied as written.

9.

It is admitted that Plaintiff had a medical event on September 25, 2023, and was transferred to an outside facility for further assessment and treatment. The remaining allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 reference written medical records which are the best evidence of their terms and contents and Defendant places plaintiff on her full burden of proving liability on the part of any party as a result of the contents of such records. The remaining allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 reference written medical records which are the best evidence of their terms and contents and Defendant places plaintiff on her full burden of proving liability on the part of any party as a result of the contents of such records. The remaining allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 reference written medical records which are the best evidence of their terms and contents and Defendant places plaintiff on her full burden of proving liability on the part of any party as a result of the contents of such records. The remaining allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 require no response on behalf of Defendant.

And now, further answering, Defendant avers:

### THIRD DEFENSE

To the extent Plaintiff purports to assert any claims under 42 U.S.C. 1983, such claims are not available against GEO.

### FOURTH DEFENSE

The claims are barred, in whole, or in part, as a result of actions of others over whom

Defendant lacked control, including others who committed superseding or intervening events.

## FIFTH DEFENSE

The claims are barred, in whole or in part, by lack of proximate causation.

## SIXTH DEFENSE

The claims are barred, in whole or in part, by the failure to mitigate damages.

## SEVENTH DEFENSE

Defendant asserts good faith immunity or any other immunities that may be provided under federal or state law.

## EIGHTH DEFENSE

Defendant asserts all defenses and limitations that may be available pursuant to La. R.S. 40:1231.1, et seq.

WHEREFORE, Defendant prays that this Answer be deemed good and sufficient and that after the lapse of all legal delays and due proceedings had, Plaintiff's claims are dismissed with full prejudice and at Plaintiff's sole cost.

Respectfully Submitted,

MAHTOOK & LAFLEUR, L.L.C.

  /s/Kay A. Theunissen
ROBERT A. MAHTOOK, JR., #17034
KAY A. THEUNISSEN, #17448
KALISTE JOSEPH SALOOM, IV, #35996
CHASE A. WOESSNER #40211
600 Jefferson Street, Suite 1000 (70501)
Post Office Box 3089
Lafayette, Louisiana 70502-3089
TEL:  (337) 266-2189
FAX:  (337) 266-2303
Email:  rmahtook@mandllaw.com
Email:  ktheunissen@mandllaw.com
Email:  jsaloom@mandllaw.com
Email:  cwoessner@mandllaw.com
Attorneys for: The GEO Group, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

|  |  |
|---|---|
| (  ) Hand Delivery | (  ) Prepaid U.S. Mail |
| (  ) Facsimile | (  ) Federal Express |
| (  ) Electronic Mail | ( X ) CM/ECF Court Filing System |

Lafayette, Louisiana this 19th day of November 2024

                                      */s/ Kay A. Theunissen*
                                      KAY A. THEUNISSEN