**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| JORDY ATAHUAMAN CARHUANCHO, ET AL | * * | CIVIL ACTION NO.: 6:24-cv-01448-DCJ-DJA |
| | * | |
| VERSUS | * | JUDGE DAVID C. JOSEPH |
| | * | |
| THE GEO GROUP, INC., ET AL | * | MAGISTRATE JUDGE DAVID J. AYO |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**DEFENDANT'S PROPOSED MOTION FOR PROTECTIVE ORDER**</u>

NOW INTO COURT, through undersigned counsel, comes The GEO Group, Inc., who submits the attached proposed Protective Order per this Court's Order of September 21, 2025.

As can be seen from the attached, the sole remaining issue is the following language in Section 2:

> Information or documents available to the public (through no violation of court order or other applicable law) may not be designated as Confidential Information. This Protective Order does not apply to information obtained outside of discovery in this action. (Exh. A, Protective Order, 9.23.25 red-line by GEO(1:20 p.m.); Exh. B, 9.23.25 response by plaintiff sent at 3:29 p.m.).

Plaintiff counsel proposes deleting the parenthetical "(through no violation of court order or other applicable law)".

GEO had previously proposed this language, which was not objected to by plaintiff counsel. Rather, plaintiff counsel proposed <u>adding</u> language that "or otherwise publicly available". (Exh. C, Protective Order, with JC revisions of 9.17.25). When asked the basis for the addition, plaintiff counsel responded that this was due to information that might be posted on social media. (Exh. D, email exchange). On September 23, 2025, undersigned then proposed to ADD the following sentence instead:

1

> This Protective Order does not apply to information obtained outside of discovery in this action (through no violation of court order or other applicable law).  This Protective Order does not apply to information obtained outside of discovery in this action (through no violation of court order or other applicable law).

Plaintiff counsel asked that "the parenthetical" be removed.  Undersigned understood that the request applied to the parenthetical in the newly added last sentence.  Plaintiff counsel wants it removed entirely from both sentences.

The basis for the parenthetical in the first sentence at issue is important to GEO—otherwise, if someone posts on social media or the internet a document from another case, in violation of a protective order in that case, or in violation of other law, GEO may be prohibited from designating the document as confidential in this litigation.  That would be unfair to GEO.  The confidentiality of a document should not be governed by the unauthorized posting by someone outside of this litigation.

On the other hand, the second sentence is written from what plaintiff counsel may do, and simply provides that if plaintiff develops information independently of discovery in this case, the document is not subject to this protective order.  That is the law.  *Seattle Times Co. v. Rhinehart,* 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (As in this case, such a protective order prevents a party from disseminating only that information obtained through use of the discovery process.  Thus, the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes).

If Plaintiff somehow obtains documents that are in violation of law or some other court order, that could potentially trigger another motion on another day.  GEO is simply concerned with having a correct agreement govern its designation and production of confidential documents.

The parties conferred this afternoon (September 23, 2025).  Undersigned understood there was an agreement, but when Plaintiff counsel sent the final version, it appeared that there was an issue discussed above.  Undersigned noted the issue within about 10 minutes of receiving the email from plaintiff counsel—i.e., shortly before 4 p.m., and reached out to plaintiff counsel by email. (Exh E).  Undersigned prepared this motion at approximately 4:30 p.m.  Since then, Plaintiff has proposed a further revision to revert to their language of September 17, 2023, which the undersigned does not agree with, as it purports to prevent GEO from designating as any confidential documents that may appear on social media.

Given the late hour and the filing deadline imposed by the Court's Order, undersigned is filing this motion.

Respectfully Submitted,

MAHTOOK & LAFLEUR, L.L.C.

/s/Kay A. Theunissen
ROBERT A. MAHTOOK, JR., #17034
KAY A. THEUNISSEN, #17448
KALISTE JOSEPH SALOOM, IV, #35996
CHASE A. WOESSNER #40211
600 Jefferson Street, Suite 1000 (70501)
Post Office Box 3089
Lafayette, Louisiana 70502-3089
TEL:   (337) 266-2189
FAX:   (337) 266-2303
Email:  rmahtook@mandllaw.com
Email:  ktheunissen@mandllaw.com
Email:  jsaloom@mandllaw.com
Email:  cwoessner@mandllaw.com
Attorneys for: The GEO Group, Inc.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery              ( ) Prepaid U.S. Mail

( ) Facsimile                   ( ) Federal Express

( ) Electronic Mail            ( X ) CM/ECF Court Filing System

Lafayette, Louisiana this 23rd day of September  2025.

/s/ Kay A. Theunissen
KAY A. THEUNISSEN