**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**ATAHUAMAN**                                      **CASE NO.  6:24-CV-01448**

**VERSUS**                                         **JUDGE DAVID C. JOSEPH**

**GEO GROUP INC**                                  **MAGISTRATE JUDGE DAVID J. AYO**

**MEMORANDUM ORDER**

Now before this Court a Motion for Protective Order filed by defendant GEO Group, Inc. ("GEO").  (Rec. Doc. 38).  In this Court's September 18 Order granting in part and denying in part Plaintiff's Motion to Compel (Rec. Doc. 26), the parties were instructed to file a joint proposed protective order to be issued in this case within five days, failing which the parties were to file their last collaborative red-line draft, along with simultaneous briefs of ten or less pages.  (Rec. Doc. 37 at pp. 8–9).  As the parties failed to agree on a joint proposed protective order, GEO filed the instant motion on September 23rd.  Plaintiff filed a brief in opposition on the same date.  (Rec. Doc. 39).

GEO's motion asserts that the parties have reached an impasse regarding Paragraph 2, which addresses the scope of what may be considered confidential information under the order.  (Rec. Doc. 38-2 at pp. 1–2).  Plaintiff would like the subject paragraph to read, in part, as follows:

> Information or documents that are available to the public may not be designated as Confidential Information.  Information or documents available to the public or otherwise publicly available (through no violation of court order or other applicable law) may not be designated as Confidential Information.  This Protective Order does not apply to information obtained outside of discovery in this action.

(Rec. Doc. 39 at p. 1).  GEO would prefer that the subject paragraph read, in part, as follows:

1

> Information or documents that are available to the public may not be designated as Confidential Information. Information or documents available to the public or otherwise publicly available (through no violation of court order or other applicable law) may not be designated as Confidential Information. This Protective Order does not apply to information obtained outside of discovery of this action (through no violation of court order or other applicable law).

(Rec. Doc. 38 at pp. 1–2).

Plaintiff argues that this preferred language is necessary to ensure that

> plaintiff and her counsel do not potentially violate the Protective Order by obtaining publicly available information and documents online or from other sources, and that any such issue would be dealt with outside the Protective Order.

(Rec. Doc. 39 at p. 1). Plaintiff also argues that "information or documents publicly available or found on the internet" has already been made public and, for this reason, "Plaintiff…should not be restricted or penalized from obtaining this information and documents." (*Id.* at p. 2).

Protective orders are governed by Rule 26(c) of the Federal Rules of Civil Procedure, which provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and requires the parties to confer in good faith on the discovery issues raised before seeking relief from the court. Upon a finding of good cause, the court may enter a protective order, inter alia, "forbidding the disclosure or discovery" where such relief is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A).

Protective orders are a lawful exercise of a district court's inherent authority to manage and promote effective discovery in cases before it. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (although authorized by Rule 26, a district court's inherent powers

permit the issuance of protective orders). Importantly, such orders should be limited to discovery in the case before the court in which such relief is sought. *Id.* at 34. A court's extension of that authority to information not obtained through discovery practices pursuant to Rule 26 is an unlawful infringement of the parties' First Amendment rights under the Constitution. *Id.* at 37.

To the extent that GEO's motion contemplates the gathering of evidence outside of discovery that is governed by protective orders in prior cases or laws limiting the disclosure or use of that information, GEO may file an appropriate motion for relief if such issue actually arises in this case. Again, a Protective Order issued by this Court does not limit the use or disclosure of information obtained outside of discovery among the parties under Rule 26 in this case. *Rhinehart*, 467 U.S. at 34 (noting that a party may disseminate information identical to that obtained through discovery and, thus, subject to a protective order, where such identical information was obtained outside of discovery in the case).

Considering applicable law and jurisprudence, this Court finds that GEO's Motion for Protective Order should be GRANTED in part, based on the finding that good cause under Rule 26(c) exists for the issuance of a protective order to promote efficient exchange of discovery in this matter and to preserve the privacy of the parties as to information produced to one another pursuant to such discovery process. It is further

ORDERED that GEO's instant motion is DENIED in part, such that all proposed uses of the parenthetical phrase at issue, "(through no violation of court order or other applicable law)" shall be STRICKEN from the Protective Order. It is similarly

ORDERED that all language including "the Court and its personnel" as persons to whom Confidential Information may be disclosed (Rec. Doc. 38-2 at p. 5) shall be STRICKEN from the Protective Order. It is finally

3

ORDERED that the parties will revise the proposed Protective Order as instructed herein and shall file a joint motion for entry of the revised proposed Protective Order for the Court's review within SEVEN (7) DAYS of the issuance of this Order.

SO ORDERED this 30th day of December, 2025 at Lafayette, Louisiana.

_____

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**